# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bobby Farmer,**
**Petitioner Below, Petitioner**

**vs) No. 14-0105** (Logan County 06-D-250)

**Brenda Carol Farmer,**
**Respondent Below, Respondent**

**FILED**

November 3, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bobby Farmer, by counsel Mark Hobbs, appeals the January 7, 2014, order of the Circuit Court of Logan County that affirmed the March 11, 2013, final order of the Family Court of Logan County which awarded petitioner's ex-wife, Respondent Brenda Carol Farmer, permanent spousal support. Mrs. Farmer, by counsel M. Timothy Koontz, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties met in August of 1994 and began cohabiting soon thereafter. They married on October 21, 1996, and separated nine and one-half years later, on April 1, 2006, when Mr. Farmer left Mrs. Farmer to cohabit with another woman. No children were born of the marriage.

Mr. Farmer filed for divorce on May 1, 2006. The family court held four hearings on the matter in 2007. By final order entered February 3, 2009, the family court granted the divorce on the ground of irreconcilable differences and awarded Mrs. Farmer permanent spousal support in the amount of $1,200 per month, effective December 15, 2007. Mr. Farmer appealed to the circuit court on the ground that the family court failed to follow the requirements of West Virginia Code §§ 48-6-301(1) to -301(20) by considering only one of the twenty factors to be considered in awarding spousal support and, further, failed to complete the three-step equitable distribution analysis required by West Virginia Code § 48-7-103. On October 28, 2010, the circuit court remanded the case to the family court for further consideration of the spousal support award.

Following the remand, the family court entered its second final order on March 11, 2013 ("the final order") which, like the previous award, also required Mr. Farmer to pay Mrs. Farmer $1,200 per month in permanent spousal support. The family court based the award on its finding that, during the parties' marriage, Mr. Farmer engaged in adultery and appropriated nearly all of Mrs. Farmer's premarital savings and assets which left Mrs. Farmer with no financial security.

1

Mr. Farmer appealed the family court's final order to the circuit court. Following a September 17, 2013, hearing on the matter, the circuit court affirmed the family court's final order on January 7, 2014. Mr. Farmer now appeals the circuit court's order.

We review a circuit court's ruling on a final family court order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

Mr. Farmer raises two assignments of error on appeal. Mr. Farmer first argues that the circuit court erred in ordering him to pay Mrs. Farmer permanent spousal support given that (1) punishment is not a valid reason to award spousal support; (2) the parties were married for only nine and one-half years; and (3) Mr. Farmer's income—which includes a pension, black lung benefits, and disability benefits—was earned when Mr. Farmer worked as a coal miner prior to the parties' marriage.

The record on appeal reveals that the family court considered various factors found in West Virginia Code § 48-6-301(b)—including the length of the parties' nine and one-half year marriage—in finding that Mrs. Farmer's permanent spousal support award was justified. The family court also found that Mrs. Farmer's permanent spousal support award was justified because, during the marriage, Mr. Farmer engaged in adultery and appropriated nearly all of Mrs. Farmer's premarital savings and assets. Pursuant to West Virginia Code § 48-8-104,

> [i]n determining whether spousal support is to be awarded, or in determining the amount of spousal support, if any, to be awarded, the court shall consider and compare *the fault or misconduct of either or both of the parties* and the *effect of the fault or misconduct* as a contributing factor to the deterioration of the marital relationship.

(Emphasis added.) Importantly, on appeal, Mr. Farmer does not contest the following findings in the family court's final order.

> [Mrs. Farmer] came into the marriage as an economically secure widow, with a fully paid home worth about $120,000 and about $100,000 in the bank. During the marriage, [Mrs. Farmer] pooled her assets with those of [Mr. Farmer], and by the time the parties had separated her [total] assets had dwindled down to about $30,000. Immediately after separation, [Mr. Farmer] took $24,000 from the parties' bank accounts, leaving [Mrs. Farmer] with essentially none of the value of the assets that she brought into the marriage.

2

Likewise, Mr. Farmer does not contest the family court's other findings, which include the following: (1) The demise of the marriage was brought about by Mr. Farmer's adultery during the marriage. (2) Just after the parties separated, Mr. Farmer expended Mrs. Farmer's assets on his new sexual partner by taking her on vacation to Tennessee. (3) The parties cohabited for two years before they were married and were married for nine and one-half years. Therefore, the parties' relationship was "sufficiently lengthy" to support a permanent spousal support award. (4) Mr. Farmer's income is $4,200 per month. (5) The disparity in the parties' monthly incomes supported a permanent spousal support award.

In Syllabus Point 4 of *Rogers v. Rogers*, 197 W.Va. 365, 475 S.E.2d 457 (1996), this Court stated that a spousal support award may be based on fault and/or to reimburse an injured spouse.

> In appropriate circumstances, an enhancement of an award of maintenance/alimony based on the degree of fault is justified. Enhancement of a maintenance/ alimony award by a fault premium may be awarded when additional support is required to reimburse the injured spouse for expenses directly related to the fault or to assure that the injured spouse continues to have the standard of living enjoyed during the marriage. A fault premium may also be applied to discourage the fault or behavior that contributed to the dissolution of the marriage. In determining an award of maintenance/alimony enhanced by a fault premium, the circuit court must consider the concrete financial realities of the parties.

*Id.* at 367, 475 S.E.2d at 459.

Finally, we find that Mr. Farmer's argument—that he should not have to pay spousal support because he earns his current income from disability payments based on his pre-marital employment—is without basis in the law. Pursuant to West Virginia Code § 48-6-301(b)(3), a family court is required to look at the parties' "present employment income and other recurring earnings of each party *from any source*." (Emphasis added.) Therefore, the *source* of Mr. Farmer's income in this case was not relevant to the family court's review.

Mr. Farmer's second assignment of error is that the family court erred in finding that Mrs. Farmer's monthly income was $880 per month, when it was—in fact—$1,303.70 per month, or $991 per month in disability benefits, plus $312.70 from her share of Mr. Farmer's black lung benefits.

The record on appeal shows that, in 2007, when the family court held its hearings on spousal support, Mrs. Farmer was, in fact, receiving $880 each month in disability benefits; thereafter, those benefits increased to $991 per month. Therefore, the trial court did not err in finding that, in 2007, Mrs. Farmer's income was $880 per month. Importantly, in 2007, Mr. Farmer was also receiving less income than he is now. The family court relied upon both parties' 2007 incomes in determining the amount of Mrs. Farmer's spousal support award. As a result, Mr. Farmer was not prejudiced by the $880 finding.

3

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  November 3, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II